THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:16CR152 MAC/KPJ |
| | § | |
| BRADLEY B. ROBERTS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 4, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Mr. Christopher Woodward. The Government was represented by Ms. Marisa Miller.

On June 10, 2008, Defendant was sentenced by the Honorable United States District Judge Joe B. McDade of the Central District of Illinois after pleading guilty to the offense of Conspiracy to Manufacture, Possess with Intent to Manufacture, Possess with Intent to Distribute, and Distribute Marijuana, a Class A felony. Defendant was sentenced to 120 months imprisonment followed by eight (8) years of supervised release subject to the standard conditions, plus special conditions to include alcohol abstinence, drug treatment and testing, mental health treatment, community service if unemployed, firearm prohibition, and a $100.00 special assessment. On April 8, 2011, Defendant's term of imprisonment was reduced to 86 months followed by the same eight-year term of supervised release. On February 22, 2013, Defendant completed his period of imprisonment and began service of his term of supervised

release. On October 27, 2016, jurisdiction of the case was transferred to the Eastern District of Texas and assigned to the Honorable United States District Judge Marcia Crone.

On February 24, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2, Sealed). The Petition asserted that Defendant violated six (6) conditions of supervision, as follows:

| CONDITION | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. Defendant shall refrain from any unlawful use of a controlled substance. (Mandatory) | On June 23, 2015, Defendant submitted a urine sample, which tested positive for marijuana. Defendant admitted to using marijuana, and the positive result was confirmed by Alere Laboratory. |
| 2. Defendant shall refrain from Any use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Standard) | On August 16, 2016, Defendant submitted a urine sample, which tested positive for marijuana. He denied any drug use, and the sample was forwarded to Alere Laboratory where it was confirmed to be positive. When confronted with the confirmed results, Defendant admitted to using marijuana.<br><br>On September 8, 2016, Defendant reported to Addiction Recovery Center and submitted a urine sample, which tested positive for marijuana. The sample was forwarded to the Alere Laboratory where said result was confirmed. |
| 3. Defendant shall not leave the judicial district without the permission of the Court or probation officer. (Standard) | On September 1, 2016, this officer called and left a voice mail for Defendant to call the U.S. Probation Office to discuss the positive drug test from August 16, which had been confirmed to be positive by the laboratory. Defendant emailed this officer and stated he was in Kansas City, Missouri, for business. Defendant did not have permission of the Court or the probation officer to be in Kansas City, Missouri, which is outside the judicial district of the Eastern District of Texas.<br><br>On February 5, 2017, the U.S. Probation Office received notification that Defendant |

| CONDITION | NATURE OF NONCOMPLIANCE |
|---|---|
| | had contact with the Franklin County Sheriff's Office in Ottawa, Kansas, at 2:57 am on said date. This officer contacted Deputy Trentafellis with the Franklin County Sheriff's Office who stated he pulled Defendant over for speeding and issued him a warning. Defendant did not request permission from the U.S. Probation office to travel outside the judicial district. |
| 4. Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment. (Standard) | Defendant failed to notify the U.S. Probation Office that he had started working at Mercedes Benz of McKinney in December, 2016. He stated he was waiting until his next monthly report to update the information. |
| 5. Defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer. (Standard) | Defendant failed to notify the U.S. Probation Office that he was pulled over and questioned by Deputy Trentafellis with the Franklin County Sheriff's Office in Franklin County, Kansas, on February 5, 2017. |
| 6. Defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, except as prescribed by a physician. Defendant shall, at the direction of the probation officer participate in a program for substance abuse treatment including not more than six (6) tests per month to determine whether Defendant has used controlled substances and or alcohol. Defendant shall pay for these services as directed by the probation officer. (Special) | Defendant failed to submit a urine sample as directed and as part of the U.S. Probation Office's random drug testing program on October 28, 2016, and January 20, 2017.<br><br>Defendant failed to attend scheduled substance abuse treatment sessions as instructed on December 29, 2016; January 5, and 26, 2017; and February 23, 2017. |

Dkt. 2, Sealed.

Defendant entered a plea of true to all six (6) allegations in the Petition. Although no testimony was presented at the hearing, allocution was heard from Defendant and the Government and counsel for Defendant proffered arguments in response. Defendant explained that "triggering events" such as being subjected to "peer pressure" at an out-of-town family event, a job change, and the birth of his daughter led to his marijuana use. Defendant also

3

explained that before being transferred to the jurisdiction of the Eastern District of Texas in October, 2016, he was accustomed to being able to travel outside the district without first seeking permission. Defendant also apologized for his actions and asked for mercy. In response, the Government noted the breadth of Defendant's violations, his lack of accountability for his behavior, and his dishonesty about his drug use, his employment status, and other matters, as well as his disrespect for his probation officer and the law in general. The Government also expressed concern about Defendant's unauthorized travel outside the district in light of the fact that his underlying offense involved trafficking marijuana by automobile.

Having considered the Petition and the plea of true to all six of the allegations, the Court finds that Defendant did violate his conditions of supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 4, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with twelve (12) months of supervised release to follow.

Defendant's appearance bond (*see* Dkt. 12, sealed) is hereby revoked, and Defendant shall self-surrender to the United States Marshal in the Eastern District of Texas by Friday, April 7, 2017, at 10:00 a.m. to commence serving his period of imprisonment.

Defendant did not waive his right to allocute before the district judge or his right to object to the report and recommendation of this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C.   § 636(b)(1) (extending the time to file objections from ten to fourteen days)**.**

**SIGNED this 5th day of April, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE