**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:16CR152 |
| § | |
| BRADLEY B. ROBERTS § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. On April 5, 2017, the report of the United States Magistrate Judge (#20) was entered containing proposed findings of fact and recommendations that Defendant's supervised release be revoked. The Court has received the report of the Magistrate Judge pursuant to its order, as well as Defendant's objections thereto (#22).

Having made a *de novo* review of the objections raised by the Defendant, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Defendant's objections are without merit.

Based on the record before the Court, Defendant has shown an extensive history of noncompliance with his conditions of supervised release. Defendant entered a plea of true to all six (6) allegations, and the objections consist of nothing more than re-urging the same explanations and excuses already considered by the Magistrate Judge. The Court also notes that

Defendant's current counsel of record, Temani Adams ("Ms. Adams"),[1] did not represent Defendant at either the detention hearing on March 6, 2017, or the final revocation hearing on April 4, 2016. Nor is there any record before the Court that Ms. Adams requested transcripts of these proceedings. Thus, despite the offering of purported "new evidence" in support of Defendant's objections (*see* #22), the record demonstrates that evidence to the same effect was adduced via testimony and argument at the prior proceedings.

For example, Defendant's first objection asserts that based on the prior history of email communications between Defendant and his probation officer, Defendant assumed it was acceptable to merely provide notice of travel, rather than seeking prior approval,. However, Jacob Gilbert, U.S. Probation Officer ("Officer Gilbert"), testified at the March 6, 2017, detention hearing that he had repeatedly warned Defendant that travel must be pre-approved. Furthermore, Defendant's own evidence refutes his argument. In an email from Defendant to Officer Gilbert dated January 5, 2017, at 10:08 a.m., Defendant stated, "I had to run to Illinois for a few days to attend [a] funeral." *See* #22 at 12. Approximately twenty (20) minutes later, Officer Gilbert replied "travel must be requested beforehand and not after the fact." *Id*. In another email exchange dated September 1, 2016, Defendant advised he would be in Kansas City, Missouri, to which Officer Gilbert replied that the travel was denied and Defendant needed to call him. *See* #22-2 at 4.

---

[1] The Court notes that Ms. Adams is Defendant's third retained counsel since the filing of the Petition on February 24, 2017. Ms. Adams was substituted as Defendant's attorney of record on April 20, 2017. *See* #23. Talmadge Nix ("Mr. Nix") was Defendant's attorney of record at his initial appearance on March 3, 2017 (#6) and at his detention hearing on March 6, 2017 (#10). On March 24, Christopher Woodward ("Mr. Woodward") was substituted as attorney of record in place of Mr. Nix (#17). Mr. Woodward represented Defendant at the final revocation hearing on March 4, 2017 (#19).

Defendant's other objections are equally unavailing. Defendant argues that because his job at Mercedes Benz of McKinney was a second job, he did not change jobs and, therefore, was not required to notify his probation officer. *See* #22 at 2. The Court declines to adopt Defendant's narrow interpretation of the requirement that "he shall notify the probation officer at least ten days prior to any change in employment." *See* #2 at 2. The fact that Defendant took a second job that allegedly required him to travel outside the district validates the rationale for prior notification, since prior notification allows the opportunity for the probation officer to work with Defendant to ensure compliance with conditions.

Defendant attempts to advance a similarly narrow interpretation of the requirement that he "notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." *Id*. at 3. Defendant was pulled over for a traffic violation in Franklin County, Kansas while traveling late at night without approval. *Id*. The Court is not persuaded by Defendant's argument that because the traffic stop "was not in the context of an interrogation, or the seeking of criminal information" (*see* #22 at 3), the requirement to notify his probation officer was somehow abrogated.

Finally, in light of the allegations that Defendant testified positive for marijuana use in August and September 2016, and failed to submit urine samples in October 2016 and January 2017 (*see* #2), the Court is also unpersuaded by Defendant's excuses for his failure to attend scheduled treatment abuse sessions in December 2016, and January and February 2017. *See id*. These violations serve only to further demonstrate Defendant's disregard for complying with the conditions of his supervised release.

Based on the foregoing, the Court finds that Defendant has repeatedly failed to comply with the conditions of his supervised release and hereby overrules Defendant's objections and

3

adopts the Magistrate Judge's findings and conclusions that Defendant's supervised release should be revoked as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Defendant's supervised release is **REVOKED**. As Defendant did not waive his right to appear before the district judge for allocution and sentencing, an allocution and sentencing hearing is hereby set for Monday, May 8, 2017, at 11:00 a.m. before the Honorable Marcia A. Crone in Courtroom 108, 7940 Preston Road, Plano, Texas 75024.

SIGNED at Beaumont, Texas, this 2nd day of May, 2017.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE